UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                          :
CYNTHIA NORTON                            :
                                          :
                  Plaintiff,              :        CASE NO. 1:09-CV-1712
                                          :
                                          :
        v.                                :        OPINION & ORDER
                                          :        [Resolving Doc. Nos. 10, 12, & 13.]
CHRISTOPHER KENT, *et al.*                 :
                                          :
                  Defendants.             :
                                          :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       Plaintiff Cynthia Norton moves to remand this action to state court on the ground that this

Court lacks diversity jurisdiction under 28 U.S.C. § 1332.  [Doc. 10.]  Defendants Christopher Kent

and Arnold Transportation Service, Inc. oppose Ms. Norton's motion.  [Doc. 12.]  For the reasons

that follow, the Court **GRANTS** Ms. Norton's motion to remand.

## I.  Background

       Plaintiff Cynthia Norton filed this personal injury action in the Cuyahoga County Court of

Common Pleas on June 25, 2009.  [Doc. 1, Ex. A.]

       On July 24, 2009, Defendants Christopher Kent, Arnold Transportation Services, Inc., and

U.S. Xpress, Inc. removed the case to this Court on the basis of diversity of citizenship.  [Doc. 1.]

In their notice of removal, the Defendants alleged "[u]pon information and belief" that each of the

parties was diverse and that none of the Defendants were citizens of or had their principal place of

business in Ohio.  [Doc. 1 at 1-2.]  The Defendants further alleged, *ipse dixit*, that "[t]he amount in

Case No. 1:09-CV-1712
Gwin, J.

controversy in this case exceeds $75,000.00, exclusive of interest and costs." [*Id.* at 2.]

On August 24, 2009, Ms. Norton filed the instant motion to remand this action to state court.
[Doc. 10.]

## II.  Legal Standard

A defendant may remove a civil case brought in state court if the plaintiff originally could have brought the case in federal court.  28 U.S.C. § 1441(a).

Once the defendant files a notice of removal, the plaintiff may move to remand the case to state court by contesting the basis of the federal court's jurisdiction as stated in the defendant's removal notice.  If the plaintiff's motion to remand does not take issue with the factual allegations in the defendant's removal notice, the plaintiff "must be taken as assenting to [their] truth, and the petitioning defendant need not produce any proof to sustain [them]." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).  But if the plaintiff does contest the factual allegations in the removal notice, the defendant has the burden of showing, by a preponderance of the evidence, that the federal court had jurisdiction at the time of removal.  *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) (adopting preponderance-of-the-evidence standard).

When diversity of citizenship is the only basis of federal jurisdiction asserted, the defendant opposing remand must demonstrate that it is more likely than not that (1) no two adverse parties are citizens of the same state, *see Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996), (2) no defendant is a citizen of the forum state, *see id.*, and (3) the amount in controversy exceeds $75,000.00, excluding costs, *see* 28 U.S.C. § 1332(a).  The defendant retains this burden even when the complaint requests unspecified damages.  *See Gafford*, 997 F.2d at 160-61 (holding that claim for unspecified damages exceeded jurisdictional amount).  To be sure, the defendant need not satisfy the "daunting burden

-2-

Case No. 1:09-CV-1712
Gwin, J.

of proving [amount in controversy] to a legal certainty," which would "require the defendant to research, state and prove the plaintiff's claim for damages." *Id.* at 159.

### III. Analysis

With respect to the citizenship requirements of federal jurisdiction, Ms. Norton does not actually dispute the veracity of the Defendants' allegations of complete diversity.  [Doc. 10 at 3.] Rather, she argues only that "no proof has been submitted confirming that none of the Defendants maintained a residence, principal place of business, or incorporation in the State of Ohio." [*Id.*] Although Ms. Norton is correct about the lack of evidence adduced—the Defendants simply allege each party's citizenship (including their own) "on information and belief"—she does not claim that the Defendants' assertions are wrong.  Because Ms. Norton does not "take issue with what is stated in the [removal] petition, [s]he must be taken as assenting to its truth," and the Defendants "need not produce any proof to sustain it." *Wilson*, 257 U.S. at 97-98.

The Court accordingly finds that the removal petition's statements of complete diversity and Ohio non-citizenship are sufficient to support the Defendants' removal petition.

The story is different, however, when it comes to the amount-in-controversy requirement. Ms. Norton effectively disputes the Defendants' assertion that the amount in controversy here exceeds $75,000:  She says that her accident-related medical expenses currently do not exceed $10,000 and that, despite the residual nature of her injuries, her condition has improved.  [Doc. 10 at 4.]

Nothing in the complaint alters this analysis.  The complaint's only allegation about damages is that Ms. Norton seeks "in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000.00)." [Doc. 1, Ex. A at 3.]  That demand is entirely consistent with an amount in controversy of $75,000

Case No. 1:09-CV-1712
Gwin, J.

or less.

In response, the Defendants make two arguments.  First, the Defendants contend that "a fair reading" of the complaint compels the conclusion that this case satisfies the amount-in-controversy requirement.  [Doc. 12 at 3.]  In support of this argument, the Defendants point to the complaint's allegations that Ms. Norton's injuries are "'permanent in nature'" and that she will suffer "'pain and disability into the indefinite future.'"  [*Id.*]  However, the Defendants do not explain how these allegations make it more likely than not that the amount in controversy exceeds $75,000.

The Defendants' second argument is that Ms. Norton has refused to stipulate that her damages do not exceed $75,000.  [Doc. 12 at 3-4.]  The Defendants say this refusal indicates that Ms. Norton's challenge to the amount-in-controversy requirement is not colorable.  [*Id.* at 4.]

This argument fails for two reasons.  As a threshold matter, Ms. Norton's refusal to stipulate that her complaint does not satisfy the amount-in-controversy requirement occurred too late to matter.  As explained above, the Court must determine federal jurisdiction at the time of removal—before Ms. Norton made (or refused to make) any damages stipulation.  *See, e.g.*, *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871-72 (6th Cir. 2000).

More importantly, even if Ms. Norton's refusal to stipulate to a sub-$75,000 damages amount were timely, the Defendants' argument confuses a sufficient condition with a necessary one.  The Defendants' proposed stipulation asks Ms. Norton to promise that she "will never seek more than $75,000 in this case."  [Doc. 12, Ex. A at 1.]  That stipulation would be *sufficient* to defeat federal jurisdiction; indeed, it would do so "to a legal certainty."  But it does not follow that the stipulation is *necessary* to defeat federal jurisdiction.  After all, even though it currently does not appear more likely than not that the amount in controversy exceeds $75,000, Ms. Norton could end up recovering

-4-

Case No. 1:09-CV-1712
Gwin, J.

a judgment exceeding $75,000.  Or she could discover after remand new facts that increase the amount in controversy above $75,000.[1/]  Those outcomes would not imply that federal jurisdiction existed all along.[2/]

Thus, the Court finds that the Defendants have not met their burden of showing by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.00.  As a result, the Court lacks jurisdiction over the case and accordingly grants Ms. Norton's motion to remand.

## IV.  Conclusion

For the foregoing reasons, the Court **GRANTS** the Plaintiff's motion to remand the case to

---

[1/]Contrary to Ms. Norton's contention in her reply, *see* Doc. 13 at 4, if it subsequently becomes apparent before judgment in the state court proceedings that the amount in controversy exceeds $75,000, the Defendants could again remove the case to federal court. *See, e.g.*, 14C Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3739 (3d ed. 1998) ("[I]f subsequent pleadings or conduct by the parties or various other circumstances brings a case that was not previously removable within the removal jurisdiction of the federal courts, a second notice of removal is permissible.").

[2/]*Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560 (6th Cir. 2001), cited by the Defendants, is not to the contrary.  In *Hayes*, the Sixth Circuit held that a fair reading of the plaintiffs' complaint was "quite adequate" to show that more than $75, 000 was in controversy.  *Id.* at 573.  The complaint included claims for royalties and gross values of minerals extracted from multiple mines over more than 50 years, as well as a claim for punitive damages.  *Id.*

The *Hayes* Court went on to note that even if the plaintiffs had stipulated to a damages amount below $75,000—which they expressly refused to do—that stipulation would be irrelevant and, in any event, insufficient to overcome the preponderance of the evidence in the complaint.  *Id.* ("Plaintiffs in this case are unwilling to make concessions that would nevertheless be insufficient . . . to oust this Court of jurisdiction on amount in controversy grounds.").  In other words, the *Hayes* Court did not consider the plaintiffs' refusal to stipulate to be *affirmative* evidence that the amount-in-controversy requirement was met.

Here, by contrast, the Defendants have not made the initial showing (present in *Hayes*) that the complaint's allegations place more than $75,000 in controversy.  Instead, as a surrogate, the Defendants attempt to use Ms. Norton's post-removal refusal to stipulate to a lower damages amount.  *Hayes* does not contemplate this logic.

Case No. 1:09-CV-1712
Gwin, J.

the Cuyahoga County Court of Common Pleas.

        IT IS SO ORDERED.


Dated: September 17, 2009                 s/          *James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE